IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| **WILLIAM ADAM,** individually and on behalf of all others similarly situated, | CASE NO: 1:21-cv-00019-LRR-MAR |
| | CLASS ACTION |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | **DEFENDANT CHW GROUP, INC. D/B/A CHOICE HOME WARRANTY'S** |
| **CHW GROUP, INC D/B/A CHOICE HOME WARRANTY,** | **FED. R. CIV. P. 26(a)(1)(A) INITIAL DISCLOSURES** |
| Defendant. | |
| _____/ | |

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("Defendant" or "CHW"), by and through its undersigned counsel, hereby propounds the following initial disclosures ("Disclosures")[1]:

## RESERVATION OF RIGHTS

Defendant has not yet completed its investigation and analysis of the facts relating to the above-captioned litigation. As such, further discovery, analysis and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these Disclosures. Defendant therefore reserves its rights: (i) to amend, revise, correct, add to, supplement, modify or clarify the Disclosures set forth below or the information divulged therein or thereby; and (ii) to make use of or introduce

---

[1] By submitting these Disclosures, Defendant does not waive its rights with respect to its pending Motion to Stay and/or Bifurcate Discovery, filed on May 21, 2021. *See* Doc. 18 & 18-1.

1

in any hearing or at trial information, data, documents, or testimony not known to exist at the time of these Disclosures, including but not limited to information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure or applicable Local Rules and orders.

With respect to witnesses or individuals who likely may have discoverable information that are identified in these Disclosures (*see* "List of Persons With Knowledge" below), Defendant reserves its rights to: (i) supplement, revise, correct, or amend its list of witnesses as discovery proceeds in this matter; (ii) call as witnesses at any hearing or trial in this action any person or representative of any entity who is or has been identified by any other party to this action as a person having knowledge of the facts and circumstances relating to this action; (iii) designate and call as witnesses any experts who are hereinafter designated and have formed opinions with regard to the facts and matters at issue in this litigation; and (iv) designate and call as witnesses such persons or representatives of entities during the course of discovery, at any hearing, or before trial as having knowledge of relevant facts, and to call rebuttal and impeachment witnesses as may be necessary.

CHW reserves its rights to supplement the "List of Documents" disclosed below as discovery proceeds in this matter. Because said documents may contain sensitive business, proprietary, and/or personally identifying information, which is properly protected from disclosure under applicable law, CHW will produce them only after entry of an appropriate protective order.

## DISCLOSURES

### I. List of Persons with Knowledge

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendant hereby discloses "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Defendant] may use to support its

claims or defenses" in this matter:

1. **Plaintiff William Adam ("Plaintiff")**

Plaintiff, and possibly Plaintiff's spouse or domestic partner or other family members or members of Plaintiff's household, is/are likely to have knowledge regarding the facts and circumstances of this litigation on all subjects relating to Plaintiff's allegations as to Defendant, as well as Defendant's defenses thereto. This may include, but not necessarily be limited to, information regarding Plaintiff's and others' interactions with CHW, Plaintiff's allegations against CHW, and Plaintiff's provision of Plaintiff's cellular telephone number and/or consent to be contacted to CHW and/or third parties. Upon information and belief, Plaintiff may be contacted through counsel of record in this matter.

2. **Brian Tretter**

Mr. Tretter is a CHW employee familiar with CHW's business, policies, and procedures and is knowledgeable regarding the facts and circumstances relating to Plaintiff's allegations against CHW as well as CHW's defenses thereto. The testimony that Mr. Tretter may provide may include, but not necessarily be limited to, information regarding CHW's business practices, corporate compliance issues, and CHW's interactions with Plaintiff, if any. Mr. Tretter can be contacted through Defendant's counsel of record in this matter.

In addition, individuals that have not yet been identified but that may possibly have discoverable information that Defendant may use to support its defenses include, but will not be limited to, the following persons:

3. **Other current and former employees of CHW, whose identities are not currently known at this time, who may possibly have knowledge of facts relating to allegations in Plaintiff's Complaint and to the extent that they have information relevant to claims or defenses in this action, which will be determined as discovery continues;**

3

4. **All witnesses identified by Plaintiff in this matter at Plaintiff's deposition, on Plaintiff's witness list, in Plaintiff's responses to any interrogatories and requests for production of documents, and in Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a);**

5. **Any third parties that may have been involved in the alleged calls at issue, if any;**

6. **All witnesses with knowledge of Plaintiff's consent to receive the alleged calls at issue;**

7. **All witnesses identified in any other deposition taken in this matter;**

8. **Plaintiff's home phone, cellular phone and internet service provider(s), and anyone else who may have or has access to Plaintiff's phones or computers;**

9. **All witnesses necessary for foundation purposes in the entry of exhibits;**

10. **All experts needed to respond to experts named by Plaintiff; and**

11. **Any necessary rebuttal witnesses.**

By disclosing the foregoing individuals, Defendant does not waive any objections as to their testimony and reserve the right not to rely on their testimony or call them at trial.

## II. List of Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendant hereby provides "a description by category and location […] of all documents, electronically stored information, and tangible things that [Defendant] has in its possession, custody, or control and may use to support its claims or defenses" in this matter:

1. **Documents concerning Plaintiff's interactions with CHW via telephone and internet;**

2. **Documents concerning Plaintiff's consent to receive the alleged calls/texts at issue;**

3. **Copies of CHW's relevant calling policies and procedures;**

4. **Any other relevant documentation related to Plaintiff's communications and interactions with CHW;**

5. **Plaintiff's home and cellular phones, laptop and PC's, and other computing devices;**

6. **Documents marked as exhibits during depositions taken in this matter;**

4

7. Documents produced in discovery by any party to this action or by any third parties;

8. Any documents identified by Plaintiff;

9. Any documents needed for rebuttal and impeachment; and

10. Any documents and other tangible materials identified by either party as potential trial exhibits.

CHW does not waive any applicable privilege with respect to the foregoing documents, nor does CHW concede the relevancy, authenticity or admissibility of any documents at this time or that such documents are necessarily in CHW's possession, custody or control or that such documents exist. Any documents will be produced once the Court resolves Defendant's pending Motion to Stay and/or Bifurcate Discovery and the parties agree to a suitable protective order.

### III. Computation of Damages

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Defendant hereby discloses "a computation of each category of damages claimed" by Defendant.

**Defendant does not presently claim any damages except attorneys' fees and costs if appropriate and permitted by applicable rule or law. Defendant reserves the right to supplement this response should they claim damages at a later date.**

### IV. Insurance Agreement

Fed. R. Civ. P. 26(a)(1)(A)(iv) requires Defendant to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

**At this time, Defendant is unaware of the existence of any such insurance agreement. Investigation continues.**

5

Dated: June 1, 2021                    Respectfully submitted,

/s/ *A. Paul Heeringa*

CHRISTINE M, REILLY (*pro hac vice* forthcoming)
JOHN W. MCGUINNESS (*pro hac vice* forthcoming)
A. PAUL HEERINGA (admitted *pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Ste. 2600
Chicago, IL 60606
Phone: (312) 529-6300
Fax: (312) 529-6315
Email: creilly@manatt.com
Email: jmcguinness@manatt.com
Email: pheeringa@manatt.com

TERESA K. BAUMANN (AT0000755)
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
Cedar Rapids, IA 52406-2107
Phone: (319) 365-9461
Fax: (319) 365-8443
E-mail: tkb@shuttleworthlaw.com


ATTORNEYS FOR DEFENDANT CHW GROUP, INC. D/B/A CHOICE HOME WARRANTY

6

## CERTIFICATE OF SERVICE

I certify that on June 1, 2021, a true and correct copy of the foregoing document was served on Plaintiff's counsel of record via email, pursuant to the agreement of the parties, at the email address(es) provided on the Court's CM/ECF docket.

                                                       */s/ A. Paul Heeringa*
                                                      A. Paul Heeringa