UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

CASE NO: 1:21-cv-00019-LRR-MAR

WILLIAM ADAM,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

CHW GROUP, INC d/b/a CHOICE
HOME WARRANTY,

        Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff William Adam brings this class action against Defendant CHW Group, Inc d/b/a Choice Home Warranty ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant sells service contracts that cover the repair or replacement of appliances and systems.

3. Defendant also uses prerecorded messages and text message calls to individuals' telephones numbers first obtaining the required express written consent, and in violation of the National Do Not Call Registry.

1

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

7. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited text messages to Plaintiff's cellular telephone number (the "5310 Number"). Plaintiff received such messages on the 5310 Number while residing in and physically present in Iowa.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Iowa.

9. Defendant is a corporation whose principal office is located in New Jersey. Defendant directs, markets, and provides its business activities throughout the state of Iowa.

## FACTS

10. On November 16, 2020, February 9, 2021, February 10, 2021 and February 11, 2021, Defendant caused the following automated marketing text messages to be transmitted to Plaintiff's cellular telephone number ending in 5310 ("5310 Number"):



11. On February 10, 2021, Defendant called Plaintiff with a prerecorded message at the 5310 Number from the phone number 907-531-6456.

12. The prerecorded message stated that Choice Home Warranty was calling to offer Plaintiff a quote.

13. On February 12, 2021, Defendant again called Plaintiff with a prerecorded message at the 5310 Number from the phone number 907-531-6456.

14. The prerecorded messages stated the following: We have a quote for home coverage for you. A home warranty can protect you from unexpected expenses. Press 1 to speak to me for more information on this offer if you received this call in error press 3.

15. Additionally, upon calling the 907-531-6456 number, Defendant plays the following prerecorded greeting message:

> Hi, you've reached Choice Home Warranty. Thanks for calling back. If you're no longer interested in a home warranty press 3. Press 1 to go over your custom home warranty quote now. Press 2 if you'd rather schedule a time for us to call you later. Press 9 to opt out.

16. At the time Plaintiff received Defendant's calls Plaintiff was the subscriber and sole user of the 5310 Number.

17. Defendant's text messages and prerecorded message calls constitute telemarketing/advertising because they promote Defendant's business, goods and services.

18. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by text messages or by prerecorded message.

19. In fact, Plaintiff asked Defendant to remove himself from Defendant's call list and stop contacting him on November 16, 2020, as shown below:



4

20. Plaintiff revoked any type of consent or permission Defendant may have had to contact his telephone with solicitations as depicted in the text messages above.

21. Defendant failed to honor or abide by Plaintiff's opt-out requests and continued to repeatedly call Plaintiff after he asked for the messages to stop.

22. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

23. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

24. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

25. Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

26. The 5310 Number has been on the National Do Not Call Registry since 2004. Plaintiff registered his telephone on the National Do Not Call Registry.

27. At all times relevant to this action, the 5310 Number has been a residential phone number.

28. Upon information and belief, Defendant caused similar text messages and prerecorded messages to be sent to individuals residing within this judicial district.

29. Defendant violated Plaintiff's legal and substantive rights under the TCPA.

5

Case 1:21-cv-00019-LRR-MAR   Document 41   Filed 09/15/21   Page 5 of 13

30. Defendant's unsolicited prerecorded messages and text messages caused Plaintiff harm, including invasion of privacy, aggravation, inconvenience, wasted time, disruption to his daily life, and annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

32. Plaintiff brings this case on behalf of the Classes defined as follows:

**NO CONSENT/REVOCATION CLASS PRERECORDED**: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a prerecorded message, (2) regarding Defendant's goods, products or services.

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message or prerecorded message, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future prerecorded messages or text messages.

**DO NOT CALL CLASS**: All persons in the United States who from four years prior to the filing of this action: (1) were sent a text message, prerecorded message or phone call; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.

33. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

34. Defendant and its employees are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent

and/or in violation of the national DNC. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

    b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    c) Whether Defendant's conduct was knowing and willful;

    d) Whether Defendant initiated telemarketing calls to telephone numbers listed on the National Do Not Call Registry;

    e) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

    f) Whether Defendant is liable for damages, and the amount of such damages; and

    g) Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
**(On Behalf of Plaintiff and No Consent/Revocation Class Prerecorded)**

43. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

45. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

46. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

47. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

48. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

49. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

50. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

51. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

# COUNT II
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

52. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

53. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

54. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

55. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

56. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

57. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

58. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

59. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

60. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

61. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

### COUNT III
### Violations of the TCPA, 47 U.S.C. § 227(c) and § 64.1200(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

62. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-42 as if fully set forth herein.

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

65. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

66. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a

11

listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

68. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, cease initiating calls to telephone numbers listed on the National Do Not Call Registry and to cease all activity to individuals who have requested to be removed from Defendant's consent list and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 15, 2021

Respectfully submitted,

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
**HIRALDO P.A.**
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
954-400-4713

Ignacio Hiraldo, Esq.
(*pro hac vice*)
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469